MICHAEL BAILEY
United States Attorney
District of Arizona
ERICA ANDERSON McCALLUM
Assistant U.S. Attorney
State Bar No. 022585
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email:  erica.mccallum@usdoj.gov
Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Karcher, | 4:19-CV-00312-JR |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| Kevin K. McAleenan, Acting Secretary, Department of Homeland Security, | |
| Defendant. | |

Defendant Kevin K. McAleenan, Acting Secretary of the Department of Homeland Security ("Defendant") answers Plaintiff's Amended Complaint.

1.     Answering Paragraph 1, Defendant admits that United States Customs and Border Protection employed Plaintiff as a Border Patrol Agent during the relevant time frame. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 1 at this time and so denies all remaining allegations of Paragraph 1.

2.     Answering Paragraph 2, Defendant admits that Kevin K. McAleenan is the Acting Secretary of the Department of Homeland Security.

3.     Answering Paragraph 3, Defendant admits that Plaintiff seeks relief under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.

4.     Defendant denies the allegation in Paragraph 4.

5.      Answering Paragraph 5, Defendant admits that some of the events alleged in the Complaint occurred in Pima County, Arizona. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 5 at this time and so denies all remaining allegations of Paragraph 5.

6.      Answering Paragraph 6, Defendant admits that United States Customs and Border Protection is an employer within the meaning of the Americans with Disabilities Act.

7.      Answering Paragraph 7, Defendant admits personal jurisdiction. Defendant lacks knowledge and information sufficient to admit or deny subject matter jurisdiction at this time and so denies subject matter jurisdiction. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 7 at this time and so denies all remaining allegations of Paragraph 7.

8.      Answering Paragraph 8, Defendant admits venue. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 8 at this time and so denies all remaining allegations of Paragraph 8.

9.      Answering Paragraph 9, Defendant admits that the Equal Employment Opportunity Order granting dismissal of case number HS-CBP-01759-2017 ("EEO Order") states that Plaintiff initiated contact with an EEO counselor on June 2, 2017. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 9 at this time and so denies all remaining allegations of Paragraph 9.

10.     Answering Paragraph 10, Defendant admits that the EEO Order states that Plaintiff filed a formal EEO complaint in case number HS-CBP-01759-2017 on July 15, 2017. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 10 at this time and so denies all remaining allegations of Paragraph 10.

11.     Answering Paragraph 11, Defendant admits that the Final Agency Decision in case number HS-CBP-01780-2018 ("FAD") states that Plaintiff initiated contact with an

EEO counselor on May 14, 2018. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 11 at this time and so denies the remaining allegations of Paragraph 11.

12.     Answering Paragraph 12, Defendant admits that the FAD states that Plaintiff filed a formal EEO complaint in HS-CBP-01780-2018 on June 22, 2018. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 12 at this time and so denies all remaining allegations of Paragraph 12.

13.     Answering Paragraph 13, Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 13 at this time and so denies the allegations of Paragraph 13.

14.     Answering Paragraph 14, Defendant admits that the FAD states that on August 23, 2018, CBP sent Plaintiff a copy of the EEO Investigative File in HS-CBP-01780-2018 and notified Plaintiff that because her case was a mixed case complaint, she did not have the right to request a hearing before an EEOC Administrative Judge. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 14 at this time and so denies all remaining allegations of Paragraph 14.

15.     Answering Paragraph 15, Defendant admits that the FAD states that on September 13, 2018, the Office for Civil Rights and Civil Liberties ("CRCL") received CBP's request for a final agency decision in HS-CBP-01780-2018. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 15 at this time and so denies all remaining allegations of Paragraph 15.

16.     Answering Paragraph 16, Defendant admits that the EEO Order states that the complaint in HS-CBP-01759-2017 was assigned to EEOC Administrative Judge Nancy Griffiths and an Initial Conference was conducted on May 2, 2019. Defendant admits that the complaint was designated EEOC number 540-2018-00219X. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 16 at this time and so denies all remaining allegations of Paragraph 16.

17.     Answering Paragraph 17, Defendant admits that the FAD certificate of service in HS-CBP-01780-2018 is dated May 8, 2019. Defendant admits that the Notice of Appeal Rights attached to the FAD states the Plaintiff has the right to "file a civil action in an appropriate United States District Court within 30 days after you receive this final decision unless an appeal is filed with MSBP." Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 17 at this time and so denies all remaining allegations of Paragraph 17.

18.     Answering Paragraph 18, Defendant admits that Plaintiff moved to amend her complaint in HS-CBP-01759-2017 on June 11, 2019.

19.     Answering Paragraph 19, Defendant admits that Plaintiff filed a Complaint in United States District Court case number 4:19-cv-00312-JR on June 12, 2019. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 19 at this time and so denies all remaining allegations of Paragraph 19.

20.     Answering Paragraph 20, Defendant admits that the EEOC Administrative Judge denied Plaintiff's motion to amend her EEOC complaint in case number HS-CBP-01759-2017 in an order dated July 2, 2019. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 20 at this time and so denies all remaining allegations of Paragraph 20.

21.     Answering Paragraph 21, Defendant admits that the Department of Homeland Security moved to dismiss case number HS-CBP-01759-2017 on July 29, 2019 because the case was now the basis of a civil action filed by the Plaintiff in a United States District Court. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 21 at this time and so denies all remaining allegations of Paragraph 21.

22.     Answering Paragraph 22, Defendant admits that the EEOC Administrative Judge issued an Order dismissing case number HS-CBP-01759-2017 on August 13, 2019. Defendant admits that the Order states that the claims set forth in the civil action filed with the U.S. District Court mirror the claims in HS-CBP-01759-2017. Defendant lacks

knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 22 at this time and so denies all remaining allegations of Paragraph 22.

23.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 23 at this time and so denies the allegations of Paragraph 23.

24.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 24 at this time and so denies the allegations of Paragraph 24.

25.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 25 at this time and so denies the allegations of Paragraph 25.

26.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 26 at this time and so denies the allegations of Paragraph 26.

27.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27 at this time and so denies the allegations of Paragraph 27.

28.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 28 at this time and so denies the allegations of Paragraph 28.

29.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29 at this time and so denies the allegations of Paragraph 29.

30.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 30 at this time and so denies the allegations of Paragraph 30.

31.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 31 at this time and so denies the allegations of Paragraph 31.

32.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 32 at this time and so denies the allegations of Paragraph 32.

33.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 33 at this time and so denies the allegations of Paragraph 33.

34.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 34 at this time and so denies the allegations of Paragraph 34.

35.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 35 at this time and so denies the allegations of Paragraph 35.

36.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 37 at this time and so denies the allegations of Paragraph 36.

37.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 37 at this time and so denies the allegations of Paragraph 37.

38.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 38 at this time and so denies the allegations of Paragraph 38.

39.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 39 at this time and so denies the allegations of Paragraph 39.

40.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 40 at this time and so denies the allegations of Paragraph 40.

41.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 41 at this time and so denies the allegations of Paragraph 41.

42.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 42 at this time and so denies the allegations of Paragraph 42.

43.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 43 at this time and so denies the allegations of Paragraph 43.

44.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 44 at this time and so denies the allegations of Paragraph 44.

45.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 45 at this time and so denies the allegations of Paragraph 45.

46.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 46 at this time and so denies the allegations of Paragraph 46.

47.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 47 at this time and so denies the allegations of Paragraph 47.

48.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 48 at this time and so denies the allegations of Paragraph 48.

49.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 49 at this time and so denies the allegations of Paragraph 49.

50.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 50 at this time and so denies the allegations of Paragraph 50.

51.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 51 at this time and so denies the allegations of Paragraph 51.

52.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 52 at this time and so denies the allegations of Paragraph 52.

53.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 53 at this time and so denies the allegations of Paragraph 53.

54.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 54 at this time and so denies the allegations of Paragraph 54.

55.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 55 at this time and so denies the allegations of Paragraph 55.

56.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 56 at this time and so denies the allegations of Paragraph 56.

57.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 57 at this time and so denies the allegations of Paragraph 57.

58.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 58 at this time and so denies the allegations of Paragraph 58.

59.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 59 at this time and so denies the allegations of Paragraph 59.

60.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 60 at this time and so denies the allegations of Paragraph 60.

61.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 61 at this time and so denies the allegations of Paragraph 61.

62.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 62 at this time and so denies the allegations of Paragraph 62.

63.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 63 at this time and so denies the allegations of Paragraph 63.

64.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 64 at this time and so denies the allegations of Paragraph 64.

65.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 65 at this time and so denies the allegations of Paragraph 65.

66.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 66 at this time and so denies the allegations of Paragraph 66.

67.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 67 at this time and so denies the allegations of Paragraph 67.

68.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 68 at this time and so denies the allegations of Paragraph 68.

69.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 69 at this time and so denies the allegations of Paragraph 69.

70.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 70 at this time and so denies the allegations of Paragraph 70.

71.     Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 71 at this time and so denies the allegations of Paragraph 71.

72.     Defendant restates and incorporates its responses in all preceding paragraphs as if set forth here.

73.     Defendant denies the allegations of Paragraph 71.

74.     Defendant denies the allegations of Paragraph 72.

75.     Defendant denies the allegations of Paragraph 73.

76.     Defendant denies the allegations of Paragraph 74.

77.     Defendant denies the allegations of Paragraph 75.

78.     Defendant denies the allegations of Paragraph 76.

79.     Defendant denies the allegations of Paragraph 77.

80.     Defendant denies the allegations of Paragraph 78.

81.     Defendant restates and incorporates its responses in all preceding paragraphs as if set forth here.

82.     Defendant denies the allegations of Paragraph 80.

83.     Defendant denies the allegations of Paragraph 81.

84.     Defendant denies the allegations of Paragraph 82.

85.     Defendant denies the allegations of Paragraph 83.

86.     Defendant denies the allegations of Paragraph 84.

87.     Defendant restates and incorporates its responses in all preceding paragraphs as if set forth here.

88.     Answering Paragraph 86, Defendant denies any allegations inconsistent with the cited statute, which speaks for itself.

89.     Defendant denies the allegations of Paragraph 87.

90.     Defendant denies the allegations of Paragraph 88.

91.     Defendant denies the allegations of Paragraph 89.

92.     Defendant denies that Plaintiff is entitled to the relief requested in the prayer for relief.

93.     Defendant denies each and every allegation of the Complaint not explicitly admitted herein.

<u>AFFIRMATIVE DEFENSES</u>

A.     The Amended Complaint fails to state a claim upon which relief can be granted.

B.     Defendant asserts the defense of failure to exhaust administrative remedies. Plaintiff's claims are barred to the extent Plaintiff has failed to fully and properly exhaust her administrative remedies by not pursuing the claims through the administrative remedy process, and/or by bringing this action before conclusion of the administrative remedy process, and/or by not following the applicable time limits.

C.     Defendant asserts the defense of failure to mitigate and doctrine of avoidable consequences. Any award of damages must be reduced to the extent Plaintiff has failed to mitigate or avoid her losses.

D.      Defendant asserts the defense of offset. Plaintiff's damages, if any, must be offset to the extent she has received or will receive benefits or payments for her losses.

E.      All actions of Defendant with respect to Plaintiff were taken for legitimate, nondiscriminatory reasons, and those reasons were not and are not pretextual.

F.      Defendant at all times acted in good faith toward Plaintiff.

G.      Plaintiff was not denied a tangible employment benefit by any action or inaction of Defendant.

H.      Defendant incorporates all further defenses that may apply, including but not limited to those defenses listed in the Federal Rules of Procedure 8 and 12. Defendant requests and reserves the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known in the course of investigation, discovery, and disclosure.

WHEREFORE, having fully answered, Defendant requests judgment in his favor dismissing the Complaint with prejudice, with Plaintiff taking nothing by virtue of her suit, and that Defendant be awarded his fees and costs, and for such other relief as the Court deems appropriate.

Respectfully submitted this 11th day of October, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Erica Anderson McCallum*

ERICA ANDERSON McCALLUM
Assistant U.S. Attorney

Served by CM/ECF this 11th day of October, 2019, upon:

Jeffrey H. Jacobson
Jacobson Law Firm
2730 E. Broadway Blvd., Suite 160
Tucson, AZ 85716
Attorney for Plaintiff

*/s/ Lisa Startup*
*/Answer*